IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:15-CV-1063

| | |
|---|---|
| ACTION NC, DEMOCRACY NORTH CAROLINA, NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE, SHERRY DENISE HOLVERSON, ISABEL NAJERA, and ALEXANDRIA MARIE LANE, <br><br> Plaintiffs, <br><br> v. <br><br> KIM W. STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, <br><br> RICK BRAJER, in his official capacity as Secretary of the North Carolina Department of Health and Human Services, <br><br> KELLY THOMAS, in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles, and <br><br> NICKY TENNYSON, in his official capacity as Secretary of the North Carolina Department of Transportation, <br><br> Defendants. | **ANSWER** |

Defendants Rick Brajer, in his official capacity as Secretary of the North Carolina Department of Health and Human Services ("NCDHHS"); Kelly Thomas, in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles ("NCDMV"); and Nick Tennyson, in his official capacity as Secretary of the North Carolina Department of Transportation ("NCDOT") (collectively "Defendants"), answer the Complaint as follows:

## FIRST DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution. Accordingly, Plaintiffs' claims should be dismissed under Rule 12(b)(1), or, in the alternative, under Rule 12(b)(6).

## SECOND DEFENSE

Plaintiffs fail to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Plaintiffs fail to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure against defendants Secretary Brajer, Commissioner Thomas, and Secretary Tennyson because neither is the chief State election official, within the meaning of 52 U.S.C. § 20509, responsible for overseeing the State's compliance with the NVRA.

## FOURTH DEFENSE

Plaintiffs fail to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with respect to their allegations concerning DMV's website portal because the NVRA does not impose the requirements as alleged by Plaintiffs in paragraphs 65, 85, 86, 87, 88, and 89.

**FIFTH DEFENSE**

Plaintiffs fail to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the NVRA does not require a specified percentage of voter registration applications and the SBE data currently available does not support the drop in percentages as alleged by plaintiffs.

**SIXTH DEFENSE**

Plaintiffs' claims are moot.

**SEVENTH DEFENSE**

Plaintiffs' failed to provide notice prior to filing suit as required by the NVRA.

**EIGHTH DEFENSE**

All plaintiffs lack standing to pursue their claims and should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**NINTH DEFENSE**

The NVRA does not require state officers to subject themselves to court-approved plans like the ones sought by plaintiffs.

**TENTH DEFENSE**

Answering specifically the allegations of Plaintiffs' Complaint, Defendants allege and say as follows:

3

Case 1:15-cv-01063-LCB-JEP   Document 30   Filed 03/17/16   Page 3 of 17

1. Defendants admit that Plaintiffs characterize their lawsuit as one raising issues under the National Voter Registration Act of 1993, 52 U.S.C. § 2501 ("NVRA"). In all other respects, Defendants deny the allegations of paragraph 1.

2. Defendants admit that the materials quoted in paragraph 2 are provisions of the NVRA found at 52 U.S.C. §§ 20501(a)(1)-(2) and (b)(1). In all other respects, Defendants deny the allegations of paragraph 2.

3. Defendants admit that the provisions of NVRA, 52 U.S.C. § 20504 (Section 5) and 52 U.S.C. § 20506 (Section 7) speak for themselves. In all other respects, Defendants deny the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. Defendants admit that the provisions of NVRA, 52 U.S.C. §§ 20506 *et seq.* and 20506(a)(6)(A), which are referenced in paragraph 5, speak for themselves. Defendants deny the allegations of paragraph 5.

6. Defendants admit that N.C.G.S. § 163-82.20 is an act of the North Carolina General Assembly; that the programs listed in paragraph 6 with acronyms SNAP, WIC, TANF, Work First, and CHIP, provide voter registration services; and that the United States Department of Justice maintains a website, http://www.justice.gov/crt/national-voter-registration-act-1993-nvra. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation concerning when this website was last visited by Plaintiffs. In all other respects, Defendants deny the allegations of paragraph 6.

4

7. Defendants admit that the North Carolina State Board of Elections ("SBE") maintains voter registration data. In all other respects, defendants deny the allegations of paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9. Defendants admit that the NVRA provisions speak for themselves. In all other respects, Defendants deny the allegations of paragraph 9.

10. Defendants admit that the acts of the North Carolina General Assembly speak for themselves. In all other respects, Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Plaintiffs' allegation that "provisional ballots are not counted if the Board of Elections cannot confirm their voter registration" is a question of law for which no response is required. To the extent a response is required and in all other respects, Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants admit that SBE received a letter, dated May 8, 2015, copied to the former secretary of NCDHHS, and written on behalf of Plaintiffs Action NC, Democracy of North Carolina, and A. Philip Randolph Institute, and that SBE received a letter, dated June 1, 2015, copied to DMV and NCDOT officials, and written on behalf of Plaintiffs

5

Action NC, Democracy of North Carolina, A. Philip Randolph Institute, Holverson, Najera and Lane.  In all other respects, Defendants deny the allegations of paragraph 16.

17.  Defendants admit that Plaintiffs have brought an action for declaratory and injunctive relief and that Plaintiffs' Complaint speaks for itself.  In all other respects, Defendants deny the allegations of paragraph 17.

## "JURISDICTION AND VENUE"

18.  Defendants admit the allegations of paragraph 18.

19.  Defendants deny the allegations of paragraph 19.

20.  Defendants deny the allegations of paragraph 20.

21.  Defendants deny the allegations of paragraph 21.

## "PARTIES"

22.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22.

23.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24. Defendants deny violating Section 7 or Section 5 of the NVRA.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

25.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25.

26. Defendants deny that they have not complied with the NVRA. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26.

27. Defendants deny violating Section 7 and Section 5 of the NVRA. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29.

30. Defendants deny violating Section 7 and Section 5 of the NVRA. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30.

31. Defendants deny violating Section 7 and Section 5 of the NVRA. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31.

32. Defendants admit plaintiff Holverson visited the Raeford DMV in Hoke County in or around June 2014. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33.

34. Defendants admit plaintiff Holverson visited the Raeford DMV in Hoke County in or around October, 2015. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34.

35. Defendants admit plaintiff Najera visited the Clinton DMV in Sampson County in or around October, 2014. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36.

37. Defendants admit plaintiff Lane visited a DMV office in Wake County in or around May, 2014. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants admit Kim Westbrook Strach is the Executive Director of the North Carolina State Board of Elections, that the cited statutes speak for themselves, and that defendant Strach is North Carolina's Chief State Election Official responsible for the State's obligations under the NVRA. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41.

8

42. Defendants admit Defendant Brajer is the Secretary of NCDHHS. Defendants admit the cited statutes speak for themselves. In all other respects, Defendants deny the allegations of paragraph 42.

43. Defendants admit Defendant Thomas is the Commissioner of NCDMV. Defendants admit the cited statutes speak for themselves. In all other respects, Defendants deny the allegations of paragraph 43.

44. Defendants admit Defendant Tennyson is the Secretary of NCDOT. In all other respects, Defendants deny the allegations of paragraph 44.

## "FACTUAL ALLEGATIONS"

### "The Failure of North Carolina Public Assistance Agencies to Meet their Voter Registration Obligations Under Section 7 of the NVRA and State Law."

45. Defendants deny the allegation in the above heading to the extent that said heading may be interpreted as being an allegation requiring a response. In all other respects, Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 48.

49. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 49.

50. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 50.

51. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 51.

52. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations relating to Plaintiffs' field investigations. In all other respects, Defendants deny the allegations of paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 60.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 61.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

<u>"The Failure of North Carolina Motor Vehicle Offices to Meet Their Voter Registration Obligations Under Section 5 of the NVRA and State Law"</u>

69. Defendants deny the allegations of paragraph 69. Defendants deny the allegation in the above heading to the extent that said heading may be interpreted as being an allegation requiring a response.

70. Defendants admit the cited legislative material speaks for itself. In all other respects, Defendants deny the allegations of paragraph 70.

71. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 71.

72. Defendants admit the cited statutes speak for themselves. In all other respects, Defendants deny the allegations of paragraph 72.

73. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 73.

74. Defendants admit the cited statutes speak for themselves. In all other respects, Defendants deny the allegations of paragraph 74.

75. Defendants admit the cited statute speaks for itself. In all other respects, Defendants deny the allegations of paragraph 75.

11

76. Defendants deny the allegations of paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 77 and all subparts.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants admit the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

91. Defendants admit Plaintiffs Action NC, Democracy North Carolina, and the North Carolina A. Philip Randolph Institute, through their counsel, sent a letter by mail and e-mail to Defendant Strach and then-Secretary of DHHS Aldona Wos. Defendants

admit the letter speaks for itself. In all other respects, Defendants deny the remaining allegations of paragraph 91.

92. Defendants admit the letter speaks for itself. In all other respects, Defendants deny the allegations of paragraph 92.

93. Defendants admit Plaintiffs Action NC, Democracy North Carolina, North Carolina A. Philip Randolph Institute, Holverson, Najera, and Lane sent a letter by mail and e-mail to Defendant Strach and then-Secretary of Transportation Anthony Tata. Defendants admit the letter speaks for itself. In all other respects, Defendants deny the remaining allegations of paragraph 93.

94. Defendants admit the letter speaks for itself. In all other respects, Defendants deny the allegations of paragraph 94.

95. Defendants deny the allegations of paragraph 95.

## "FIRST CAUSE OF ACTION"

## "Violation of Section 7 of the National Voter Registration Act of 1993(against the Section 7 Defendants)"

96. Defendants re-allege and incorporate by reference, as if fully set forth herein, the responses to paragraphs 1-95.

97. Defendants deny the allegations of paragraph 97.

98. Defendants deny the allegations of paragraph 98.

99. Defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

## "SECOND CAUSE OF ACTION"

13

"Violation of Section 5 of the National Voter Registration Act of 1993 (against the Section 5 Defendants)"

101.  Defendants re-allege and incorporate by reference, as if fully set forth herein, the responses to paragraphs 1-100.

102.  Defendants deny the allegations of paragraph 102.

103.  Defendants deny the allegations of paragraph 103.

104.  Defendants deny the allegations of paragraph 104.

105.  Defendants deny the allegations of paragraph 105.

## ELEVENTH DEFENSE

Anything not expressly admitted is denied.

WHEREFORE, having fully answered the Complaint, Defendants Secretary Brajer, Commissioner Thomas, and Secretary Tennyson respectfully request that:

1. Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered for defendants on all claims;

2. Defendants be awarded their attorney's fees and costs; and

3. Defendants be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted this 17th day of March, 2016.

                    OGLETREE, DEAKINS, NASH
                    SMOAK & STEWART, P.C.

                    /s/ Thomas A. Farr
                    Thomas A. Farr (N.C. Bar No.: 10871)
                    thomas.farr@ogletreedeakins.com
                    Phillip J. Strach (N.C. Bar No.: 29456)
                    phil.strach@ogletreedeakins.com
                    Michael D. McKnight (N.C. Bar No.: 26932)
                    michael.mcknight@ogletreedeakins.com
                    Patrick D. Lawler (N.C. Bar No.: 47882)
                    patrick.lawler@ogletreedeakins.com
                    4208 Six Forks Road, Suite 1100
                    Raleigh, NC 27609
                    Telephone: 919.787.9700
                    Facsimile: 919.783.9412

                    /s/ Amy Pocklington
                    Amy Pocklington (VA Bar No.: 45233)
                    amy.pocklington@odnss.com
                    901 East Byrd Street, Suite 900
                    Richmond, Virginia 23219
                    Telephone: 804.663.2335
                    Facsimile: 804.225.8641

                    *Attorneys for N.C. DHHS, N.C. DMV, and N.C. DOT Defendants*

**CERTIFICATE OF SERVICE**

I, Thomas A. Farr, hereby certify that I have this day electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will provide electronic notification of the same to the following:

Anita S. Earls
Allison J. Riggs
Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
anita@southerncoalition.org

Stuart Naifeh
Naila Awan
Demos
220 Fifth Ave., 2nd Floor
New York, NY 10001
Room 7254-NWB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
snaifeh@demos.org

Dorian L. Spence
Robert Kengle
Ezra Rosenberg
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
dspence@lawyerscommittee.org

Catherine M. Flanagan
Sarah Brannon
Project Vote
805 15th Street, NW, Suite 250
Washington, DC 20005
cflanagan@projectvote.org

Matthew M. D'Amore
Joshua R. Stein
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
MDAmore@mofo.com

Steven M. Kaufmann
Kirk A. Sigmon
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
SKaufmann@mofo.com

*Attorneys for Plaintiffs*

This, the 17th day of March, 2016.

>OGLETREE, DEAKINS, NASH
>SMOAK & STEWART, P.C.
>
>/s/ Thomas A. Farr
>Thomas A. Farr (N.C. Bar No.: 10871)
>thomas.farr@ogletreedeakins.com
>Phillip J. Strach (N.C. Bar No.: 29456)
>phil.strach@ogletreedeakins.com
>Michael D. McKnight (N.C. Bar No.: 26932)
>michael.mcknight@ogletreedeakins.com
>Patrick D. Lawler (N.C. Bar No.: 47882)
>patrick.lawler@ogletreedeakins.com
>4208 Six Forks Road, Suite 1100
>Raleigh, NC  27609
>Telephone:  919.787.9700
>Facsimile:  919.783.9412
>
>*Attorneys for N.C. DHHS, N.C. DMV, and N.C. DOT Defendants*