IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:15-CV-1063

| | |
|---|---|
| ACTION NC, DEMOCRACY NORTH CAROLINA, NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE, SHERRY DENISE HOLVERSON, ISABEL NAJERA, and ALEXANDRIA MARIE LANE,<br><br>                Plaintiffs,<br><br>    v.<br><br>KIM W. STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections,<br><br>RICK BRAJER, in his official capacity as Secretary of the North Carolina Department of Health and Human Services,<br><br>KELLY THOMAS, in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles, and<br><br>NICKY TENNYSON, in his official capacity as Secretary of the North Carolina Department of Transportation,<br><br>                Defendants. | **DEFENDANTS BRAJER, THOMAS, AND TENNYSON'S JOINT MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Defendants Rick Brajer, in his official capacity as Secretary of the North Carolina Department of Health and Human Services; Kelly Thomas, in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles; and Nick Tennyson, in his official capacity as Secretary of the North Carolina Department of Transportation (collectively "Moving Defendants"), hereby respectfully submit this joint memorandum of law in support of their Motion to Dismiss Plaintiffs' Complaint filed pursuant to the Eleventh Amendment to the United States Constitution and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiffs initiated this action on December 15, 2015. (Compl., located at D.E. 1) Plaintiffs, three organizations and three individuals, allege widespread violations of Section 5 and Section 7 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq*. Section 7 obligates certain public assistance offices to offer voter registration materials, along with imposing other responsibilities, and Section 5 obligates motor vehicle offices ("DMV offices") to do the same. 52 U.S.C. §§ 20504, 20506.

Plaintiffs have named as defendants Kim Strach, in her official capacity as Executive Director of the North Carolina State Board of Elections ("SBOE") ("defendant Strach"); Rick Brajer, in his official capacity as Secretary of the North Carolina Department of Health and Human Services ("NCDHHS") ("defendant Brajer"); Kelly Thomas, in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles ("NCDMV") ("defendant Thomas"); and Nick Tennyson, in his official

capacity as Secretary of the North Carolina Department of Transportation ("NCDOT") ("defendant Tennyson"). Plaintiffs seek declaratory and injunctive relief. (Compl. ¶ 7)

The NVRA requires certain state agencies to provide voter registration services. To accomplish this, the NVRA mandates that North Carolina "shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under [the NVRA]." 52 U.S.C. § 20509. As Executive Director of the SBOE, defendant Strach is the designated Chief State Election Official of North Carolina and is responsible for the coordination of State responsibilities under the NVRA. (Compl. 41; *see also* N.C.G.S. § 163-82.2) The NVRA requires defendant Strach to perform certain actions to ensure North Carolina's compliance with the NVRA, and does not impose any obligations on any other State official. Plaintiffs allege defendant Strach has violated both Section 7 and Section 5. (Compl. ¶ 41)

In addition to defendant Strach, plaintiffs claim the Moving Defendants are liable under the NVRA, apparently by virtue of their positions within State departments that are connected to the enactment of the NVRA.

Plaintiffs allege defendant Brajer, as Secretary of NCDHHS, "is responsible for overseeing the compliance of North Carolina's public assistance agencies with the NVRA." Plaintiffs allege this renders defendant Brajer responsible for the alleged Section 7 violations. (Compl. ¶ 42)

Similarly, plaintiffs allege defendant Thomas, because he "oversees the daily operations of the North Carolina DMV," is liable for the alleged Section 5 violations. (Compl. ¶ 43)

3

Finally, plaintiffs allege defendant Tennyson is responsible for the alleged Section 5 violations because he "supervises the operations of the DMV" as Secretary of Transportation, the state agency responsible for North Carolina's "transportation-related activities."` (Compl. ¶ 43)

## ARGUMENT

I. Plaintiffs' claims against defendants Brajer, Thomas, and Tennyson are barred by the Eleventh Amendment.

Defendants Brajer, Thomas, and Tennyson are immune from suit under the Eleventh Amendment to the United States Constitution because none of the State officials have any statutorily imposed duty or obligation to implement the NVRA.

Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Davis v. Durham Mental Health Dev. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 392 (M.D.N.C. 2004); *see also California v. Deep Sea Research*, 523 U.S. 491, 501 (1998) ("a State may not be sued in federal court by one of its own citizens.").

Under the *Ex parte Young* exception to the Eleventh Amendment, a state official may be sued for ongoing violations of federal law even if the federal court would not otherwise maintain jurisdiction. *Ex parte Young*, 209 U.S. 123, 157 (1908). This exception requires a "special relation between the state official being sued and the challenged action." *Wright v. North Carolina*, 787 F.3d 256, 261-61 (4th Cir. 2015). *Ex parte Young* applies only where the sued state official has "*proximity to* and *responsibility for* the challenged state action." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d

4

324, 333 (4th Cir. 2008) (emphasis in original). In contrast, "[g]eneral authority to enforce the laws of the state is an insufficient ground for abrogating Eleventh Amendment immunity." *Wright*, 787 F.3d at 262 (citing *S.C. Wildlife Fed'n*, 549 F.3d at 333). Without the requisite connection between a state official and the enforcement of a statute, a plaintiff is merely attempting to sue a state officer "as a representative of the state" in an improper attempt to "make the state a party," which is clearly shielded by the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 157.

North Carolina, in compliance with the NVRA's mandate to designate a single state official to enforce the voting registration requirements, has provided by statute that the "Executive Director of the State Board of Elections is the 'Chief State Election Official' of North Carolina for purposes of P.L. 103-31, The National Voter Registration Act of 1993". N.C.G.S. § 163-82.2. No North Carolina statute requires the NCDHHS, NCDMV, or NCDOT, or any related official to implement or enforce the NVRA. Instead, both the NVRA and North Carolina statutes direct defendant Strach to enforce and ensure compliance with the voter registration requirements of the NVRA. North Carolina law establishing the NCDHHS, NCDMV, and NCDOT and the agencies' authority and obligations fail to impose any obligation or requirement to comply with the NVRA or to engage in voter registration activities. Nor do the state statutes grant the Moving Defendants the authority to take corrective action if it is determined a particular agency office is failing to perform duties under the NVRA. *See* N.C.G.S. §§ 130A and 108A (establishing authority and obligations of the NCDHHS); N.C.G.S. § 20 (NCDMV); and N.C.G.S. §§ 143B, art. 8, and 136 (NCDOT). The Moving Defendants

5

merely conduct voter registration activities pursuant to the SBOE's direction. *See* 52 U.S.C. § 20509; N.C.G.S. § 163-82.2. Furthermore, the Moving Defendants have no statutory authority to rectify alleged violations of the NVRA.

The *Ex parte Young* exception to the Eleventh Amendment does not apply to the Moving Defendants, and therefore plaintiffs' claims are barred as to the NCDHHS, NCDMV, and NCDOT. Defendant Strach and she alone is "responsible for [the] coordination of State responsibilities" under the NVRA. *See* 52 U.S.C. § 20509; N.C.G.S. § 163-82.2.[1] The Fifth Circuit recently described the state Chief Election Official's relationship with enforcement of the NVRA:

> The NVRA centralizes responsibility in the state and in the chief elections officer, who is the state's stand-in. For example, each state *must* designate a chief elections officer, who will receive complaints about *all* violations. . . . Additionally, the NVRA speaks in terms of the responsibilities of 'each state.' This choice of words reflects a policy choice that responsibility should be centralized rather than fragmented.

*Scott v. Schedler*, 711 F.3d 831, 839 (5th Cir. 2014) (holding designated chief election official responsible for enforcing NVRA and therefore a proper defendant in the lawsuit). In enacting the NVRA, Congress vested sole enforcement power in whichever official a State designated the "Chief State Election Official," and the statute is silent as to any other State officials.

Plaintiffs do not allege the Moving Defendants have even "general" authority to enforce the NVRA, let alone the "specific" authority required to trigger the *Ex parte Young* exception to the Eleventh Amendment. *See McBurney v. Cuccinelli*, 616 F.3d

---

[1] Whether or not this constitutes Congressional abrogation of Eleventh Amendment immunity as it pertains to defendant Strach is immaterial for purposes of this Motion.

6

393, 399–402 (4th Cir. 2010). Because nothing in the NVRA or the North Carolina statutes establishing the authority and duties of the NCDHHS, NCDMV, and NCDOT authorizes the Moving Defendants to implement the NVRA, the "special relation" is lacking. Therefore, the *Ex parte Young* exception to the Eleventh Amendment does not apply to plaintiffs' claims. *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 330–31 (4th Cir. 2001) (dismissing the governor as a party because he lacked "direct enforcement responsibility with respect to the statutory provisions at issue"); *see S.C. Wildlife Fed'n*, 549 F.3d at 333 (dismissing officials who lack "supervisory authority over the state's [enforcement of the statute]"); *see also McBurney*, 616 F.3d at 399–402 (dismissing the attorney general as a party because "does not have a specific statutory duty to enforce the [statute]"). It follows that the Eleventh Amendment bars plaintiffs' claims against defendant Brajer, defendant Thomas, and defendant Tennyson, and dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate.[2]

II. <u>Even if the Eleventh Amendment does not bar plaintiffs' claims, defendants Brajer, Thomas, and Tennyson are improper parties to this suit.</u>

Even if it is determined the Eleventh Amendment does not bar plaintiff's claims, defendant Strach is the proper defendant in this case, and plaintiffs' claims against

---

[2] It is unclear whether the Fourth Circuit characterizes a motion to dismiss based on the Eleventh Amendment as arising under Federal Rule 12(b)(1) or 12(b)(6). This Court has characterized such a challenge as jurisdictional. *See Mary's House, Inc. v. North Carolina*, 976 F. Supp. 2d 691 (M.D.N.C. 2013) (stating "the Fourth Circuit has not conclusively established whether a dismissal based on Eleventh Amendment immunity is a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure" before analyzing the motion under Fed. R. Civ. P. 12(b)(1)).

defendants Brajer, Thomas, and Tennyson must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

As explained *supra*, defendant Strach alone is responsible for the enforcement to the NVRA.  Plaintiffs do not allege otherwise.  Plaintiffs have failed to identify statutory authority for holding the Moving Defendants responsible for the alleged violations of Sections 5 and 7 of the NVRA.  Plaintiffs have failed to allege the NCDHHS, NCDMV, and NCDOT have the authority to rectify alleged violations of the NVRA, nor do they claim the NVRA itself grants any such power.  Instead, plaintiffs have merely lumped the Moving Defendants in with defendant Strach because each Moving Defendant heads an agency that is affected by defendant Strach's coordination responsibilities as the Chief State Election Official under the NVRA.

Even assuming the veracity of plaintiffs' allegations, they have failed to provide "enough facts to state a claim to relief that is plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Simply, plaintiffs have failed to allege any defendant other than defendant Strach is responsible for committing the alleged NVRA Section 5 and Section 7 violations.  Thus, on its face, plaintiffs' Complaint fails to allege a violation of the NVRA as it pertains to the Moving Defendants, and dismissal is proper under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, plaintiffs' claims against defendants Brajer, Thomas, and Tennyson must be dismissed.

Respectfully submitted this 17th day of March, 2016.

        OGLETREE, DEAKINS, NASH
        SMOAK & STEWART, P.C.

        /s/ Thomas A. Farr
        Thomas A. Farr (N.C. Bar No.: 10871)
        thomas.farr@ogletreedeakins.com
        Phillip J. Strach (N.C. Bar No.: 29456)
        phil.strach@ogletreedeakins.com
        Michael D. McKnight (N.C. Bar No.: 26932)
        michael.mcknight@ogletreedeakins.com
        Patrick D. Lawler (N.C. Bar No.: 47882)
        patrick.lawler@ogletreedeakins.com
        4208 Six Forks Road, Suite 1100
        Raleigh, NC 27609
        Telephone: 919.787.9700
        Facsimile: 919.783.9412

        /s/ Amy Pocklington
        Amy Pocklington (VA Bar No.: 45233)
        amy.pocklington@odnss.com
        901 East Byrd Street, Suite 900
        Richmond, Virginia 23219
        Telephone: 804.663.2335
        Facsimile: 804.225.8641

        *Attorneys for N.C. DHHS, N.C. DMV, and N.C. DOT Defendants*

# CERTIFICATE OF SERVICE

I, Thomas A. Farr, hereby certify that I have this day electronically filed the foregoing **JOINT MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will provide electronic notification of the same to the following:

Anita S. Earls
Allison J. Riggs
Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
anita@southerncoalition.org

Stuart Naifeh
Naila Awan
Demos
220 Fifth Ave., 2nd Floor
New York, NY 10001
Room 7254-NWB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
snaifeh@demos.org

Dorian L. Spence
Robert Kengle
Ezra Rosenberg
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
dspence@lawyerscommittee.org

Catherine M. Flanagan
Sarah Brannon
Project Vote
805 15th Street, NW, Suite 250
Washington, DC 20005
cflanagan@projectvote.org

Matthew M. D'Amore
Joshua R. Stein
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
MDAmore@mofo.com

Steven M. Kaufmann
Kirk A. Sigmon
Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
SKaufmann@mofo.com

*Attorneys for Plaintiffs*

This, the 17th day of March, 2016.

>OGLETREE, DEAKINS, NASH
>SMOAK & STEWART, P.C.
>
>/s/ Thomas A. Farr
>Thomas A. Farr (N.C. Bar No.: 10871)
>thomas.farr@ogletreedeakins.com
>Phillip J. Strach (N.C. Bar No.: 29456)
>phil.strach@ogletreedeakins.com
>Michael D. McKnight (N.C. Bar No.: 26932)
>michael.mcknight@ogletreedeakins.com
>Patrick D. Lawler (N.C. Bar No.: 47882)
>patrick.lawler@ogletreedeakins.com
>4208 Six Forks Road, Suite 1100
>Raleigh, NC  27609
>Telephone:  919.787.9700
>Facsimile:  919.783.9412
>
>*Attorneys for N.C. DHHS, N.C. DMV, and N.C. DOT Defendants*