IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ACTION NC,<br>DEMOCRACY NORTH CAROLINA,<br>NORTH CAROLINA A. PHILIP<br>RANDOLPH INSTITUTE,<br>SHERRY DENISE HOLVERSON,<br>ISABEL NAJERA, and<br>ALEXANDRIA MARIE LANE,<br><br>        Plaintiffs,<br>  v.<br><br>KIM WESTBROOK STRACH,<br>*in her official capacity as Executive Director of the North Carolina State Board of Elections*,<br><br>RICK BRAJER,<br>*in his official capacity as Secretary of the North Carolina Department of Health and Human Services*,<br><br>KELLY THOMAS,<br>*in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles*, and<br><br>NICK TENNYSON,<br>*in his official capacity as Secretary of the North Carolina Department of Transportation*,<br><br>        Defendants. | 1:15CV1063 |

**ORDER**

In consideration of the parties' *Joint Motion for an Order of Dismissal with Prejudice*, pursuant to Fed. R. Civ. P. 41(a)(2), for good cause shown, and based on the Settlement Agreement by and between Plaintiffs, Action NC, Democracy North Carolina, North Carolina A. Philip Randolph Institute, Sherry Denise Holverson, Isabel Najera and

Alexandria Marie Lane (collectively, "Plaintiffs"), and Defendants, Kim Westbrook Strach, in her official capacity as Executive Director of the North Carolina State Board of Elections (now the North Carolina Bipartisan State Board of Elections & Ethics Enforcement), Rick Brajer, in his official capacity as Secretary of the North Carolina Department of Health and Human Services (succeeded by Mandy K. Cohen), Kelly Thomas, in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles (succeeded by Torre J. Jessup), and Nick Tennyson, in his official capacity as Secretary of the North Carolina Department of Transportation (succeeded by James Trogdon, III) (collectively, "Defendants"), the Court hereby ORDERS as follows:

1. Pursuant to the Settlement Agreement, the parties stipulate and the Court hereby orders that Defendants shall pay to Plaintiffs the amount of $490,000.00 in attorneys' fees and costs as specified in the Settlement Agreement, Section IV of the Common Terms; and further orders that said payment be tendered from Defendants to Plaintiffs within 90 days following the issuance of the Order of dismissal or as otherwise provided in the Settlement Agreement. If for any reason payment cannot be made pursuant to the Settlement Agreement, the Settlement Agreement shall be considered null and void, and either party may file a Motion with this Court to vacate this Order.

2. Neither Plaintiffs nor Defendants shall be deemed to be the prevailing party in this civil action pursuant to 52 U.S.C. § 20510(c).

3. The Court hereby dismisses with prejudice the Complaint, (ECF. No. 1), filed 12/15/2015), including all claims asserted by Plaintiffs against Defendants in this matter, and all claims that could have been asserted other than the claims expressly excluded from

the Settlement Agreement Release, as further set forth in the Settlement Agreement, Section III. The Court also hereby vacates all pending deadlines and hearing dates in this matter.

4. Without affecting the finality of this Order of Dismissal, the Court specifically retains exclusive and continuing jurisdiction to enforce the Settlement Agreement in accordance with its terms, for the duration of the Settlement Agreement as set forth in Section V thereof.

This, the 2nd day of July, 2018.

/s/ Loretta C. Biggs
United States District Judge